UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21698-CIV-MARTINEZ/GOODMAN

JANICE HILL,

    Plaintiff,

vs.

MIAMI-DADE COUNTY
SCHOOL BOARD,

    Defendant.
_____/

ORDER ON PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

AND FOR APPOINTMENT OF COUNSEL

This Cause is before the Undersigned on the District Court's referral of Plaintiff Janice Hill's ("Hill") motions for leave to proceed *in forma pauperis* and for the appointment of counsel. [ECF Nos. 3; 4; 5]. Having reviewed the motions and the pertinent portions of the record, the Undersigned **denies** Hill's motions **without prejudice and dismisses, without prejudice, her complaint** pursuant to 28 U.S.C. § 1915. Hill may refile her motions along with an amended complaint by July 14, 2014.

I.    BACKGROUND

Hill's handwritten complaint does not actually state a cause of action. [ECF No. 1, pp. 2-3]. As best as the Undersigned can tell, the gist of Hill's complaint is her allegation that her employment was wrongfully terminated by the School Board. In particular, Hill alleges that the School Board used hearsay, fraudulent statements,

fraudulent documents, and even placed child pornography on her computer to substantiate her firing. [*Id.*]. As Hill puts it, "I still have not been given, an excuse or documents stating why I was terminated." [*Id.*].

The exhibits attached to Hill's complaint, however, tell a different story about why she was terminated.[1] These exhibits indicate that Hill was a secretary at the Lindsey Hopkins Technical Education Center. From 1995 to 2010, Hill's co-workers and supervisors consistently complained about Hill verbally harassing them and otherwise behaving in an extremely inappropriate and disruptive manner. For instance, Hill accused co-workers of spitting on her, drugging her family, extra-marital affairs, and, in general, of being out to get her. [ECF No. 1, pp. 38-39, 45-50, 85-87, 140-44]. Hill was placed on administrative leave numerous times and forced to undergo fitness evaluations before being allowed to return. [*Id.* at pp. 40-50, 60-61, 64-72, 74-75, 77-81]. Eventually, the School Board moved to, and did, terminate Hill for gross insubordination and violation of the School Board's rules. [*Id.* at pp. 41, 85-86, 98, 104-09, 113].

Hill challenged her termination in a state administrative proceeding. [ECF No. 1, pp. 113, 115-26]. An administrative law judge found for the School Board on October 17,

---

[1] "On a motion to dismiss, the Court may consider documents attached to the Complaint or directly referred to in the Complaint." *Jordan v. Miami-Dade Cnty.*, 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006). Attachments to a complaint are properly considered part of the pleadings for all purposes, including a motion to dismiss. *Solis–Ramirez v. United States Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (citing Federal Rule of Civil Procedure 10).

2

2011. Hill appealed that decision to Florida's Third District Court of Appeals on February 1, 2012. [ECF No. 1, p. 12]. The state appellate court dismissed her appeal for lack of jurisdiction.[2] Hill then filed an appeal with the Florida Supreme Court, which likewise dismissed her appeal for lack of jurisdiction on April 30, 2014. [*Id.* at p. 4]. Along the way, Hill also filed bar complaints against the School Board's attorneys. The Florida Bar dismissed her complaints. [*Id.* at p. 28].

On May 8, 2014, Hill filed the instant complaint along with an application to proceed *in forma pauperis* and a motion for the appointment of counsel. [ECF Nos. 1; 3; 4]. The District Court referred this case to the Undersigned for all pre-trial matters. [ECF No. 5].

II. **LEGAL STANDARD**

28 U.S.C. § 1915, which governs *in forma pauperis* proceedings, states in pertinent part:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, **the court shall dismiss the case at any time if the court determines that** –
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) **fails to state a claim on which relief may be granted**; or

---

[2] While the state appellate court did not explain why it lacked jurisdiction, it appears that Hill's appeal of the administrative law judge's decision was untimely. In particular, under § 120.68, Fla. Stat., Hill had 30 days to appeal the administrative law judge's October 17, 2011 decision. Hill did not file her appeal until February 1, 2012 -- 107 days later.

3

>> (iii) seeks monetary relief against a defendant who is immune from such relief.

(emphasis added).

Under § 1915, the court may screen the complaint to make certain it states a claim for relief. *Citron v. Niche Media/Ocean Drive Magazine*, No. 10-21014-Civ, 2011 WL 381939, at *1 (S.D. Fla. Feb. 2, 2011). In determining whether a complaint should be dismissed for failure to state a claim, a plaintiff must provide "more than labels and conclusions," and the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "When it appears that on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate." *Brown v. Potter*, No. 10-60861-Civ, 2010 WL 2670980 (S.D. Fla. June 4, 2010), *report and recommendation adopted*, No. 10-60861-Civ, 2010 WL 2670981 (S.D. Fla. June 28, 2010).

"Although courts liberally construe *pro se* pleadings, when a plaintiff proceeds *in forma pauperis*, § 1915 grants courts the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual allegations are baseless." *Silber v. Walgreens*, No. 11-23675-Civ, ECF No. 5, (S.D. Fla. Dec. 30, 2011) (internal citations and quotations omitted) (dismissing *pro se* plaintiff's complaint for discrimination with prejudice).

**III.  DISCUSSION**

The Undersigned will analyze the complaint in two separate fashions. First, the Undersigned will analyze the complaint at face value. Second, the Undersigned will attempt to liberally construe Hill's complaint for a plausible federal cause of action.

**A.  <u>Analyzing the Complaint at Face Value</u>**

The crux of Hill's claim is that she was wrongfully terminated by the School Board. Hill's wrongful termination claim, however, is a classic state law claim that this court lacks jurisdiction to hear. *See Hatfield v. Arbor Springs Health & Rehab Ctr.*, No. 3:12CV528-MHT, 2012 WL 4476612 (M.D. Ala. Sept. 4, 2012), *report and recommendation adopted*, No. 3:12CV528-MHT, 2012 WL 4471795 (M.D. Ala. Sept. 26, 2012) (dismissing *pro se* plaintiff's complaint for wrongful termination because court lacked jurisdiction); *Coello v. La Cabana Mexican Rest.*, No. 4:12-CV-1104-VEH, 2013 WL 6569140, at *3-4 (N.D. Ala. Dec. 13, 2013) (no jurisdiction to enter default over wrongful termination claim).

Moreover, Hill has had her opportunity to pursue her claim through the proscribed state procedure. In particular, Hill challenged her termination at the School Board level, then in front of an administrative law judge. She also then appealed to the Third District Court of Appeals but, as noted, her appeal appears to have been untimely filed.

### B. Liberally Construing the Complaint

As the Eleventh Circuit has noted, "a defendant may terminate an employee for a good or bad reason without violating federal law . . . and [w]e are not in the business of adjudging whether employment decisions are prudent or fair. Instead, our sole concern is whether" an unlawful animus motivated the employment decision. *Damon v. Fleming Supermarkets Of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999) (internal citations omitted). Types of unlawful animus include termination based on race, color, religion, sex, or national origin. *See, e.g.*, 42 U.S.C. § 2000e-2(a)(1). Here, even while liberally construing Hill's complaint, the Undersigned cannot find any unlawful animus for Hill's termination.

Hill's complaint, and the attached exhibits, tell a story of Hill's repeated clashes with co-workers and supervisors. The School Board eventually terminated Hill, due to these 15 years of ongoing and repeated clashes. Thus, the motivation for her termination was her clashes with supervisors and co-workers. These types of personality clashes do not constitute an unlawful animus for Hill's termination. *Simmons v. Boeing Co.*, No. 5:05-CV-28 (WDO), 2006 WL 2644913, at *7 (M.D. Ga. Sept. 14, 2006) *aff'd*, 251 F. App'x 647 (11th Cir. 2007) (granting defendant employer summary judgment in Title VII case and stating "[f]ederal law does not protect Plaintiff from gossip or personality conflicts and certainly does not require that everyone in the office

like her"). And there simply is no evidence, alleged, direct, or circumstantial,[3] that her termination was motivated by any unlawful animus. *See Brown,* 2010 WL 2670980, at *1-2 (recommending dismissal of *pro se* complaint alleging employment discrimination because plaintiff failed to state how and on what basis she was discriminated against).

### IV. CONCLUSION

For the reasons set out above, the Undersigned **dismisses** Hill's complaint [ECF No. 1] **without prejudice** and **denies** Hill's motions to proceed *in forma pauperis* and for the appointment of counsel [ECF Nos. 3; 4] **without prejudice**. Hill may refile her motions along with an amended complaint by July 14, 2014.

**DONE AND ORDERED**, in Miami, Florida June 25, 2014.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Jose E. Martinez

All counsel of record

Janice Hill, *pro se*
4811 N.W. 5th Avenue
Box 682025
Miami, FL 33127

---

[3] A *prima facie* case of discrimination either by (1) direct evidence of discrimination, or (2) circumstantial evidence of discriminatory intent. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 801-02 (1973).